UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK FICKES,

    Plaintiff,

v.

MEIJER GROUP, Inc.,
Limited Partnership

    Defendant.

Case No.

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Mark Fickes, by and through his attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant, states as follows:

1. Plaintiff, Mark Fickes, is a resident of the City of Lansing, County of Ingham and State of Michigan.

2. Defendant, Meijer Group, Inc. (hereinafter "Meijer"), is a domestic limited partnership company whose registered agent is The Corporation Company located at 40600 Ann Arbor Rd., E Suite 201.

3. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in this Court.

4. This Court has pendant jurisdiction over Plaintiff's state law claims 28 U.S.C. § 1367.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination and harassment, because of Plaintiff's age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2201 (ELCRA), *et seq.* and Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, *et seq.* (ADA), and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA), which have resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff began his employment with Defendant as a 21-year-old man, on March 10, 1989.

8. Plaintiff suffers from Dyslexia., which is a disability under the ADA and PWDCRA, that substantially interfered with his ability to read, write and think, communicate and engage with people.

9. On March 10, 1989, Plaintiff began full-time employment with Defendant.

10. Plaintiff was assigned to the head of frozen grocery department.

11. Plaintiff worked for defendant for more than 32 years, during which time he was ridiculed and mocked due to his disability.

12. Near the end of his employment Plaintiff began to be harassed due to his age.

13. On or about February 14, 2021, Plaintiff was assigned to drive a Hi-Lo, which was not part of his job duties.

14. Defendant assigned Plaintiff to drive the Hi-Lo because others in the department did not want to and Plaintiff was easy to manipulate due to his disability.

15. Defendant refused to adequately train Plaintiff to drive the Hi-Lo or ensure Plaintiff was properly trained to use the Hi-Lo.

16. In or around February 2021, Plaintiff got in a Hi-Lo accident.

17. Plaintiff requested the reasonable accommodation of not having to drive the Hi-Lo due to the accident he had gotten in-to his disability and Defendant refused to provide him adequate training due to his disability.

18. Defendant did not accommodate Plaintiff and driving the Hi-Lo remained part of his job duty.

19. Defendant had other open positions, but Defendant refused to accommodate him.

20. On or about March 31, 2021, Plaintiff was terminated in retaliation for requesting accommodation due to his age and disability.

21. Plaintiff filed a Charge of Discrimination on October 18, 2021, and received a Right to Sue letter on February 9, 2023.

## COUNT I
## AGE DISCRIMINATION

22. Plaintiff incorporates by reference paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621, Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon his age.

24. Plaintiff's age was a factor in Defendant's employment decisions, including adverse employment actions.

25. Plaintiff had seniority of 32 years of employment for Defendant.

26. Defendant is Plaintiff's employer within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

27. During the course of his employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including a hostile work environment and adverse employment actions based upon his age.

28. The age discrimination and adverse employment actions by Defendant were intentional and willful, and had the purpose and/or effect of substantially interfering with Plaintiff's employment.

29. The age discrimination and conduct by Defendant violate the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 623.

30. As a proximate result of the age discrimination and conduct by Defendant, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant, in an amount in excess of $75,000.00, plus exemplary damages,

together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT AND THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

31. Plaintiff incorporates by reference paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. At all times relevant Plaintiff suffered from dyslexia which is a disability under the ADA and PWDCRA, which Defendants perceived or regarded as a disability and which substantially interfere with major life activities, including his ability to read, write and think, communicate and engage with people.

33. Pursuant to the Americans with Disabilities Act of 1990, *et seq*. (ADA), and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA), Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disabilities.

34. Defendant is an employer within the meaning of the ADA and the PWDCRA.

35. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon his disabilities, his perceived or regarded disabilities, and his request for accommodations, by Defendant, its employees and agents to the point where his

status as an employee has been detrimentally affected, creating an offensive and hostile work environment.

36. Plaintiff's disabilities were a factor in Defendant's employment decisions, including Defendant's denial of Plaintiff's reasonable accommodation request and adverse employment actions including Plaintiff's termination.

37. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA and the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

38. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

a) Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for his disabilities;

b) Taking adverse employment actions against Plaintiff;

c) Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

d) Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

e) Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

39.   As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

40.   Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

                      Respectfully submitted,

                      **BATEY LAW FIRM, P.L.L.C.**

                      By:  /s/Scott P. Batey
                            SCOTT P. BATEY (P54711)
                            Attorney for Plaintiff
                            30200 Telegraph Road, Suite 400
                            Bingham Farms, MI 48025
                            (248) 540-6800-telephone
                            (248) 540-6814-fax
                            sbatey@bateylaw.com

Dated: May 8, 2023

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Mark Fickes, by and through his attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

                                        Respectfully submitted,

                                        **BATEY LAW FIRM, PLLC**

                           By:  /s/ Scott P. Batey
                                    SCOTT P. BATEY (P54711)
                                    Attorney for Plaintiff
                                    30200 Telegraph Road, Suite 400
                                    Bingham Farms, Michigan 48025
                                    (248) 540-6800
                                    sbatey@bateylaw.com

Dated:  May 8, 2023